IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Pamela Christine Wolke<br>Andrew William Wolke<br>　　　　　　Debtors | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a<br>Christiana Trust, not individually but as trustee for<br>Pretium Mortgage Acquisition Trust<br>　　　　　　Movant<br>vs. | NO. 17-15277 PMM |
| Pamela Christine Wolke<br>Andrew William Wolke<br>　　　　　　Debtors | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.  The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,031.00** which breaks down as follows;

    | | |
    |---|---|
    | Fees & Costs Relating to Motion: | $1,031.00 |
    | **Total Post-Petition Arrears** | **$1,031.00** |

2.  The Debtor shall cure said arrearages in the following manner:

    a). The fees and costs in the amount of $1,031.00 will be recovered through a Notice of Post-Petition Mortgage Expenses, Fees, and Charges.

3.  Beginning with the payment due May 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,371.21, which represents the regular monthly mortgage payment of $1,637.49, less a suspense balance of $266.45 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.  Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.  In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   May 8, 2020                                By: /s/ Rebecca A. Solarz, Esquire
                                                   Attorney for Movant

Date:   5/18/2020                                  /s/ Lynn E. Feldman
                                                   Lynn E. Feldman, Esquire
                                                   Attorney for Debtors

Date:   May 20, 2020                               /s/ Polly A. Langdon, Esquire, for
                                                   _____
                                                   Scott F. Waterman, Esquire
                                                   Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

                                                   _____
                                                   Bankruptcy Judge
                                                   Patricia M. Mayer