IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : BANKRUPTCY NO. 17-15277(PMM) |
| PAMELA CHRISTINE WOLKE and | : |
| ANDREW WILLIAM WOLKE | : CHAPTER 13 |
| Debtors | : |

STIPULATION RESOLVING ALLY FINANCIAL INC.'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

THIS MATTER having been brought before the Court on a Notice of Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(d) by Lavin, Cedrone, Graver, Boyd & DiSipio, attorneys for Ally Financial Inc. and Lynn E. Feldman, Esquire attorney for Pamela Christine Wolke and Andrew William Wolke (collectively, the "Debtors"), having consented to the entry of the within Order, and for good cause shown;

AND NOW COMES Ally Financial Inc., by and through their counsel, and state as follows:

(a) Andrew Wolke and Pamela Christine Wolke (collectively, the "Debtors") financed the purchase of a 2012 Hyundai Tucson, VIN: KM8JUCACXCU416262 (the "Vehicle") pursuant to the terms of a Retail Installment Sale Contract dated July 23, 2016 (the "Contract") which has been assigned to Ally Financial Inc.

(b) Pursuant to the Contract, Ally Financial Inc. maintains a perfected security interest in and to: (a) the Vehicle; (b) accessories, equipment and replacement parts installed in the Vehicle; and (c) service contracts on the Vehicle.

(c) The Debtors desire to retain possession of the Vehicle and provide adequate protection for Ally Financial Inc.'s interest in the Vehicle.

NOW THEREFORE, in consideration of the above, Ally Financial Inc. and the Debtors STIPULATE AND AGREE as follows:

1. The Debtors are currently $6,363.55 in post-petition arrears through and including the July 7, 2021 due payment. The Debtors acknowledges their account is in post-petition arrears in the amount of $6,363.55.

2. The Debtors are paying $6,363.55 of the post-petition arrears along with $500.00 attorney fees through the Chapter 13 Plan for a total payment of $6,863.55. Claimant shall file an amended Proof of Claim including the arrears as stated above. Debtors shall amend their plan within thirty (30) days to include this amount.

3. The Debtors shall resume making regular monthly contractual payments in the amount of $506.24 each, commencing with the payment due on or before August 7, 2021. Pursuant to the Contract, a late charge may be assessed for any payment not received in full within ten (10) days after it is due.

4. The Debtors shall make the August 7, 2021 payment and all future payments on time. Said payment shall be forwarded to: Said payment shall be forwarded to: Ally Financial Inc., Payment Processing Center, P.O. Box 78234, Phoenix, AZ 85062-8234.

5. All payments shall be made payable to Ally Financial Inc., Payment Processing Center, P.O. Box 78234, Phoenix, AZ 85062-8234.

6. The Debtors hereby agree to maintain insurance coverage in such types and amounts as are required by the Contract until such time as all amounts due Ally Financial Inc. under the Contract are paid in full.

7. If Debtors fail to comply with any of the stipulated terms herein, or if Debtors fail to make the regular payments due and owing within fifteen (15) days of due date, Ally Financial Inc. will give Debtors and Debtors' counsel notice by facsimile, first class mail or e-mail. Debtors will have fifteen (15) days to bring the account current. If the account is not brought

current upon expiration of the fifteen (15) day default period, Ally Financial Inc. will file a Certification of Counsel that Debtors are in default, together with a proposed Order to the Bankruptcy Court, and serve copies of the same upon the Debtors, Debtors' counsel and Chapter 13 Trustee. It is also expressly understood that the notice and cure period provided herein, only applies with respect to Ally Financial Inc.'s ability to obtain relief from the automatic stay in this bankruptcy case and does not in any way apply to or restrict Ally Financial Inc.'s ability to pursue its rights pursuant to the Contract.

8.  If for any reason Debtor(s)' case is closed, terminated, dismissed or converted, the parties hereto agree and acknowledge that the terms of this agreed/stipulated order will be null and void and the parties are returned to the status quo with their respective rights under state law and the Contract.

9.  The Trustee has no objection to the terms of the stipulation, without prejudice to any of their rights and remedies.

10.  This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

11. The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: 7/26/21                             *Lynn E. Feldman*
                                           LYNN E. FELDMAN, ESQUIRE
                                           Attorney for the Debtors

CONSENTED TO BY:

DATED: 7/27/21                             /s/ Regina Cohen
                                           REGINA COHEN, ESQUIRE
                                           Attorneys for Ally Financial Inc.

CONSENTED TO BY:

DATED: 7/28/21                             *Orlando Ramos for*
                                           SCOTT F. WATERMAN
                                           Chapter 13 Trustee

SO ORDERED:

ENTERED ON: _____

                                           _____
                                           PATRICIA M. MAYER
                                           United States Bankruptcy Judge

2261647v1